IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ONE SOURCE INDUSTRIES, INC. a Colorado corporation, and O.C.C. MEDIA, INC., a Wyoming corporation,<br><br>    Plaintiffs,<br><br>vs.<br><br>EDWARD PARKINSON, an individual, DONALD HERMANN, an individual, and JILL PARKINSON, an individual,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION FOR EX PARTE TEMPORARY RESTRAINING ORDER<br><br><br><br>Case No. 2:13-CV-41 TS |

Plaintiffs move for an ex parte Temporary Restraining Order without notice to enjoin Defendants from (1) contacting or communicating with Plaintiffs' current and potential customers, (2) contacting or communicating with Plaintiffs' chemist (3) selling or offering for sale Plaintiffs' products, (4) communicating with any party interested in investing with a rival company, and (5) using or disclosing Plaintiffs' confidential and proprietary information. Plaintiffs also desire the Temporary Restraining Order to command Defendants to return the

company website, phone number, email address, and products, together with all necessary passwords and registrations.

Plaintiffs' Motion alleges that Defendant Edward Parkinson resigned from One Source's board of directors and set up a rival business with Defendant Hermann. Plaintiffs further allege that Defendants have been continuously contacting Plaintiffs' chemist and attempting to buy his intellectual property. Additionally, Plaintiffs allege that Defendants are in possession of Plaintiffs' customer records, website, email address, telephone number and some of Plaintiffs' products, and that Plaintiffs are using this access and information to solicit business from Plaintiffs' customers.

Rule 65(b)(1)(A) and (B) of the Federal Rules of Civil Procedure permit issuance of a TRO on an ex parte basis "only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why notice should not be required."[1]

In the instant case, Plaintiffs' Motion has not met the requirements of Rule 65(b)(1) for issuance of an ex parte TRO. Plaintiffs' Motion does not contain a certification by Plaintiffs' counsel detailing the attempts Plaintiffs' counsel has made to give notice. Instead, Plaintiffs' counsel argues that if the Defendants are provided notice, they will have the opportunity to conceal or destroy evidence, and will increase their efforts to contact Plaintiffs' customers and chemist. Plaintiffs have not shown why the risk of destruction of evidence or continued

---

[1] Fed.R.Civ.P. 65(b)(1)(a)-(b).

wrongdoing is greater than in any other case. The Court is not persuaded that this danger is so severe as to necessitate the drastic measure of not allowing the opposing parties to be heard.

It is therefore

ORDERED that Plaintiffs' Motion for an Ex Parte Temporary Restraining Order (Docket No. 4) is DENIED IN PART. Plaintiff's counsel shall serve Defendants with a copy of the Complaint and this Motion within seven (7) days and file proof of such service with the Court. The Court will set this Motion for a hearing at that time.

DATED   January 17, 2013.

> BY THE COURT:
>
> _____
> TED STEWART
> United States District Judge