IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ONE SOURCE INDUSTRIES, INC., a Colorado corporation, and O.C.C. MEDIA, INC., a Wyoming corporation,<br><br>    Plaintiffs,<br><br><br><br><br><br><br><br>        vs.<br><br><br>EDWARD PARKINSON, an individual, DONALD HERMANN, an individual, and JILL PARKINSON, an individual,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT JILL PARKINSON'S MOTION TO DISMISS AND DENYING PLAINTIFFS' MOTION FOR ENTRY OF ORDER REFLECTING DEFENDANTS' STIPULATION AND THE FEBRUARY 19, 2013 HEARING<br><br><br><br><br><br>Case No. 2:13-CV-41 TS |

This matter comes before the Court on Defendant Jill Parkinson's Motion to Dismiss and Plaintiffs One Source Industries, Inc. and O.C.C. Media, Inc.'s Motion for Entry of Order Reflecting Defendants' Stipulation and the February 19, 2013 Hearing.  For the reasons discussed below, the Court will deny both Motions.

I.  BACKGROUND

This dispute arises out of a business relationship gone awry.  In early 2011, Ray Dempsey, a businessman with extensive experience in the oil and gas industry, came up with an idea for using polymers, carbon fibers, microcellular plastics, epoxies, resins, and laminates in parts for use by oil and gas service companies.  To that end, he approached James Sorenson, a chemist and business acquaintance of Mr. Dempsey, about developing these products.  By March of 2012, Mr. Dempsey and Mr. Sorenson had developed and tested several different products, and had begun production on some parts.

In March of 2012, Mr. Dempsey was introduced to Defendant Edward Parkinson, who agreed to help organize a new company for the purpose of producing these parts.  Mr. Parkinson then approached an owner of a Wyoming shelf corporation, Defendant Donald Hermann, who agreed to use that corporation to produce these parts.  On April 26, 2012, the name of the Wyoming corporation was changed to One Source Industries, Inc. (hereinafter "One Source Wyoming").

In his capacity as CEO, Mr. Parkinson obtained the "onesourceindustries.co" domain name, set up the company email and telephone number, and began building the company website, among other things.  Although Defendant Jill Parkinson did not have a formal role in the company, the "onesourceindustries.co" domain name was registered in her name.

Unbeknownst to Defendants, on August 28, 2012, Plaintiffs formed a new Colorado corporation, also named One Source Industries, Inc. ("One Source Colorado").  One Source Colorado appears to have been formed for the same purpose as One Source Wyoming, and lists

the same Utah address for its principal office.  Soon thereafter, through a series of events not

relevant to the Motions before the Court, there was a split between the parties, and Mr. Parkinson

and Mr. Hermann lost their association with Plaintiffs.  However, Defendants retained control

over the domain name and its associated email address.

Plaintiffs allege that Defendants are in possession of their customer lists and that

Defendants have been using those lists to solicit Plaintiffs' customers.  Furthermore, Plaintiffs

claim that Defendants continue to maintain control over One Source Wyoming's website, email

address, and telephone number, so that customers attempting to reach Plaintiffs are dealing with

Defendants instead.  Finally, Plaintiffs allege that Defendants are in control of some of Plaintiffs'

products, and that they are otherwise attempting to contact Mr. Sorenson to obtain the intellectual

property rights they need to produce more.

Plaintiffs filed a motion for temporary restraining order, requesting that the Court "Order

Defendants to immediately return . . . the company website, phone number and email address,

together with all necessary passwords and registrations," in addition to enjoining the other

conduct alleged in Plaintiffs' complaint.[1]  During oral argument on Plaintiffs' motion, Jill agreed

to allow her husband to speak for her.[2]  The Court then had the following exchange with Mr.

Parkinson:

> THE COURT: Mr. Parkinson, would you be willing to do those things that Mr.
> Horvat just requested?
> MR. PARKINSON: We have already offered them this last week the Web site and
> the e-mails back to them, yes.

---

[1]Docket No. 4, at 2.

[2]Docket No. 47 Ex. A, at 19-20.

THE COURT: Would you be willing to sign a certificate that you have no parts or if you do have any parts, you would tell the Court that you would return them?
MR. PARKINSON: Yes.
THE COURT: Would you surrender any customer lists that you may have obtained through your employment or relationship with One Source?
MR. PARKINSON: I have basically already surrendered those to Justin Rammell's office.  However, I do have a copy on my e-mail from them, which I will be more than happy to delete.
THE COURT: You would you agree not to contact Mr. Sorenson?
MR. PARKINSON: Yes. He has already made it in his affidavit that he doesn't want us to be involved with him.[3]

After Defendants made further representations to the Court, the Court elected not to rule on Plaintiffs' motion for temporary restraining order at that time.  Instead, the Court continued the hearing and allowed Plaintiffs the opportunity to request another hearing if Defendants did not comply with their representations.[4]  Subsequently, Defendants filed a stipulation with the Court in which they documented their attempts to comply with the representations they made to the Court.[5]  In their stipulation, Defendants made the following representation:

Defendants Edward Parkinson, Jill Parkinson and Donald Hermann shall immediately cooperate with One Source requesting the domain name be transferred to One Source or assigns: . . . onesourceindustries.co domain name/email accounts must be transferred to a new hosting company.  One Source must provide DNS hosting transfer details, new registrar information and contact details needed in order to successfully make transfer.  This transfer can be initiated once this information is provided to Defendants.[6]

In response to this stipulation, Plaintiffs filed their Motion for Entry of Order Reflecting

---

[3]*Id.* at 20-21.

[4]*Id.* at 21.

[5]Docket No. 44.

[6]*Id.* at 2.

4

Defendants' Stipulation and the February 19, 2013 Hearing.  Through their Motion, Plaintiffs

request that a modified version of Defendants' stipulation be entered as an order.  Although most

paragraphs of Plaintiffs' requested order are identical to Defendants stipulation, the paragraph

describing the transfer of the domain name and email accounts reads as follows:

> Defendants Edward Parkinson, Jill Parkinson and Donald Hermann shall
> immediately cooperate with One Source to complete the transfer of the
> onesource.com domain name, associated email accounts and hosting account, and
> phone number. Defendants Edward Parkinson, Jill Parkinson and Donald
> Hermann will cooperate with One Source or anyone One Source hires, including
> providing all passwords, consents and any other information necessary to
> complete these transfers.[7]

## II.  LEGAL STANDARD

"A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to

dismiss under Rule 12(b)(6)."[8]  The same standard is used when evaluating 12(b)(6) and 12(c)

motions.[9]

In considering a motion to dismiss for failure to state a claim upon which relief can be

granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from

conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiffs as

the nonmoving party.[10]  Plaintiffs must provide "enough facts to state a claim to relief that is

---

[7]Docket No. 45-6, at 2.

[8]*Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000).

[9]*Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n.2 (10th Cir. 2002).

[10] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

plausible on its face,"[11] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[12]  "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[13]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[14]  As the Court in *Iqbal* stated,

> only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[15]

Defendants are proceeding pro se.  "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[16]

---

[11]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

[12]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[13]*Id*. (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

[14]*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[15]*Iqbal*, 556 U.S. at 678-79 (alteration in original) (internal quotation marks and citations omitted).

[16]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

III.  DISCUSSION

A.      MOTION TO DISMISS

Although Defendant Jill Parkinson has styled her Motion as a Motion to Dismiss, she has already filed an Answer in this case, and the Court will construe the Motion as a Motion for Judgment on the Pleadings.

In their complaint, Plaintiffs allege claims against Defendant Jill Parkinson for cybersquatting under 15 U.S.C. § 1125(d) and Utah Code Ann. § 70-3a-309.[17]  As Utah's cybersquatting provisions and the cyberpiracy provisions of the Lanham Act are nearly identical, these claims will be considered together.  Under the cyberpiracy provision of the Lanham Act:

> A person shall be liable in a civil action by the owner of a mark, including a personal name which is protected as a mark under this section, if, without regard to the goods or services of the parties, that person—
> (i) has a bad faith intent to profit from that mark, including a personal name which is protected as a mark under this section; and
> (ii) registers, traffics in, or uses a domain name that—
> (I) in the case of a mark that is distinctive at the time of registration of the domain name, is identical or confusingly similar to that mark;
> (II) in the case of a famous mark that is famous at the time of registration of the domain name, is identical or confusingly similar to or dilutive of that mark . . . .[18]

Plaintiffs' claim is that Defendant Jill Parkinson's use of the web address "onesourceindustries.co" constitutes a violation of the Act.  In their complaint, Plaintiffs allege that, through maintaining control over the domain name, Defendant is representing that she controls One Source Industries and can sell its products.  Plaintiffs further allege that these actions constitute a bad faith attempt to profit from Plaintiffs' alleged mark.

---

[17]Docket No. 2, at 9-10.

[18]15 U.S.C. § 1125(d).

Through her Motion to Dismiss, Defendant argues that Plaintiffs' claims against her are baseless, that she has filed her stipulation and is waiting on Plaintiffs to complete the transfer of the domain name, that Plaintiffs have not proven damages, and that Plaintiffs' claims are void for fraud, misrepresentation, and deceit.  Defendant does not support these arguments, other than to say that she was not aware of any trademarks she might be infringing on, and "merely registered the domain name for One Source Industries . . . and Mr. Parkinson, out of the kindness of her heart."[19]

Plaintiffs point out that Defendant's arguments that the claims are baseless, that Plaintiffs have not proven damages, that Defendant did not violate the Lanham Act, and that Plaintiffs' claims must be dismissed for fraud are all arguments that Defendant is not liable rather than arguments that Plaintiffs' pleadings are insufficient.  The Court agrees.  Plaintiffs' arguments are more appropriate in an answer to Plaintiffs' complaint or in a motion for summary judgment, and do not provide the Court with grounds to dismiss the claims against her at this time.  Even if the Court were to construe Defendant's Motion as a motion for summary judgment, the Court would have insufficient evidence before it to grant it.  Discovery has not yet been completed and the facts asserted by both Plaintiffs and Defendant are in question.  While Defendant may yet be able to prove these allegations, it is not appropriate for the Court to consider them at this time.

Likewise, Defendant's stipulation does not provide the Court with adequate grounds for dismissing the claims against her.  Although Defendants represent that they are only awaiting information from Plaintiffs in order to perform the transfer, Plaintiffs do not agree.  Plaintiffs

---

[19]Docket No. 51, at 2.

claim that transferring the domain name in this fashion, without first backing up all existing emails, would result in a loss of all of the emails.[20]  Furthermore, even if the transfer had been completed, Plaintiffs argue that they have already suffered damages and should be given the opportunity to prove those damages after discovery.  Again, the Court must agree.  The facts remain that the domain name has not yet been transferred and Plaintiffs have not been able to perform sufficient discovery for the Court to grant either summary judgment or judgment on the pleadings.

Therefore, Defendant Jill Parkinson's Motion to Dismiss will be denied.

B.     MOTION FOR ENTRY OF ORDER

In a novel Motion, Plaintiffs request that the Court enter a modified version of Defendants' stipulation as an order.  Although Plaintiffs argue that they are not required to meet the burden of proving entitlement to a temporary restraining order in order for the Court to grant their Motion, the effect of the order Plaintiffs request would essentially be to grant Plaintiffs the relief they requested in their motion for a temporary restraining order.  While the parties may mutually stipulate to certain terms, it would not be appropriate for the Court to enter an order at this time.

The heart of the dispute between the parties appears to concern the transfer of the "onesourceindustries.co" domain name and its associated email accounts.  Plaintiffs seek to modify Defendants' stipulation to require Defendants to immediately "provid[e] all passwords,

---

[20]Docket No. 47, at 5.

consents and any other information necessary to complete these transfers."[21]  Defendants, on the other hand, wish to transfer the accounts directly, after "One Source [provides] DNS hosting transfer details, new registrar information and contact details . . . ."[22]  The key difference between these two methods is that the first method would allow Plaintiffs the opportunity to back up the email accounts, while Defendants' method would result in a loss of all past emails.

Defendants do not believe that their statements to the Court included an agreement to turn over these emails.  Instead, they assert that Plaintiffs are attempting to improperly conduct discovery of these emails.  It is not clear why Defendants believe that these email accounts are not subject to discovery, as they do not assert any privileges and there is no protective order in this case.  While Defendants do have a continuing "'duty to preserve evidence because it knew, or should have known, that litigation was imminent,'"[23] this Motion is not the proper avenue for Plaintiffs to enforce their discovery rights.  Likewise, Plaintiffs' Motion is not an appropriate method for attaining an injunction against contacting Mr. Sorenson, or any of the other relief Plaintiffs requested in their motion for temporary restraining order.  For these reasons, the Court will deny Plaintiffs' Motion.

---

[21]Docket No. 45-6, at 2.

[22]Docket No. 44, at 2.

[23]*Burlington N. & Santa Fe Ry. Co. v. Grant*, 505 F.3d 1013, 1032 (10th Cir. 2007).

IV.  CONCLUSION

It is therefore

ORDERED that Defendant Jill Parkinson's Motion to Dismiss (Docket No. 43) is

DENIED.  It is further

ORDERED that Plaintiffs' Motion for Entry of Order Reflecting Defendants' Stipulation

and the February 19, 2013 Hearing (Docket No. 45) is DENIED.

DATED   May 16, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge