IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ONE SOURCE INDUSTRIES, INC., a Colorado corporation, and O.C.C. MEDIA, INC., a Wyoming corporation,<br><br>Plaintiffs,<br><br>v.<br><br>EDWARD PARKINSON, an individual, DONALD HERMANN, an individual, and JILL PARKINSON, an individual,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTIONS TO DISMISS<br><br><br>Case No. 2:13-CV-41 TS<br><br>District Judge Ted Stewart |

This matter comes before the Court on Defendants Jill Parkinson and Donald Hermann's Motions to Dismiss. For the reasons discussed below, the Court will deny both Motions.

This dispute arises out of a business relationship gone awry. A full account of the details of this dispute can be found in the Court's Order denying Defendant Jill Parkinson's previous Motion to Dismiss.[1]

I. LEGAL STANDARD

"A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)."[2] The same standard is used when evaluating 12(b)(6) and 12(c) motions.[3]

---

[1] Docket No. 54.

[2] *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000).

[3] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n.2 (10th Cir. 2002).

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiffs as the nonmoving party.[4] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[5]

As Defendants are proceeding pro se, their "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[6] However, it is not the proper function of the court to advocate for the pro se litigant.[7]

## II. DISCUSSION

A.  JILL PARKINSON'S MOTION TO DISMISS

Jill Parkinson filed what she has termed a Motion to Dismiss. This is the second such motion to dismiss that Ms. Parkinson has filed since filing an answer in this case. Because Ms. Parkinson has previously filed her Answer,[8] the Court will construe Ms. Parkinson's Motion as a motion for judgment on the pleadings. Plaintiffs allege claims against Ms. Parkinson for cybersquatting under 15 U.S.C. § 1125(d) and Utah Code Ann. § 70-3a-309.

---

[4] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1384 (10th Cir. 1997).
[5] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).
[6] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).
[7] *Id.*
[8] Docket No. 30.

Ms. Parkinson's current Motion includes similar arguments to ones she advanced in her previous Motion to Dismiss.[9] These arguments have already been rejected by this Court. Ms. Parkinson previously argued that the claims against her were baseless, Plaintiffs have not proven damages, she did not violate the Lanham Act, and Plaintiffs' claims must be dismissed for fraud. As the Court said previously, these "are all arguments that Defendant is not liable rather than arguments that Plaintiffs' pleadings are insufficient."[10]

Ms. Parkinson rehashes these same arguments. Additionally, she appears to argue that because Defendants have facilitated the domain transfer, this case must now be dismissed. The Court previously addressed this argument as well, noting that "even if the transfer had been completed, Plaintiffs argue that they have already suffered damages and should be given the opportunity to prove those damages after discovery."[11] Even though the domain name has now been transferred to Plaintiffs, the issue of damages, if any, remains. Therefore, Ms. Parkinson's Motion to Dismiss will be denied.

B.  DONALD HERMANN'S MOTION TO DISMISS

Mr. Hermann's current Motion will also be construed as a motion for judgment on the pleadings because he has also filed his Answer in this case.[12] Mr. Hermann makes many of the same arguments that Ms. Parkinson makes and they all fail for the same reasons as above. Mr. Hermann makes additional arguments, which the Court will address in turn.

---

[9] *See* Docket No. 43.
[10] Docket No. 54, at 8.
[11] *Id.* at 9.
[12] Docket No. 28.

Mr. Hermann argues that because Plaintiffs have not produced any evidence of damages this case must be dismissed. He further argues that the Court lacks venue over the action, although he appears to be asserting the argument that the Court lacks personal and subject matter jurisdiction. He additionally argues that he did not violate the Lanham Act and therefore supplemental jurisdiction of the state law claims would be improper. Finally, he argues that Plaintiffs cannot bring this action because of their own fraud, misrepresentations, and harassment of Defendants.

*1. Subject Matter Jurisdiction and Damages*

Mr. Hermann argues that Plaintiffs' claims fail because the lawsuit fails to allege damages in excess of $75,000. However, because jurisdiction is proper under 28 U.S.C. § 1331, no amount in controversy must be alleged. Plaintiffs' unfair competition and cybersquatting claims under the Lanham Act are properly before this court under § 1331. The Court also has supplemental jurisdiction over Plaintiffs' state law claims because they form a part of the same case or controversy.[13]

*2. Venue and Personal Jurisdiction*

Mr. Hermann argues that venue is not proper but what he appears to argue is that the Court does not have personal jurisdiction over him. To the extent that he does argue venue, his argument fails because venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."[14] Even if a substantial part of the events did not occur in this

---

[13] 28 U.S.C. § 1367.
[14] 28 U.S.C. § 1391.

district, when there is no district in which the action may be brought, venue is also proper in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."[15]

To the extent Mr. Hermann argues that personal jurisdiction is not proper, his argument also fails. In order to determine if jurisdiction is proper, the Court must determine whether Mr. Hermann has such minimum contacts with Utah that he should reasonably anticipate being haled into court in the forum.[16] Where jurisdiction is contested, the plaintiff has the burden of making a prima facie showing of personal jurisdiction.[17] The plaintiff must demonstrate a set of "facts that if true would support jurisdiction over the defendant."[18] In doing so, all factual disputes are resolved in plaintiff's favor.[19]

Plaintiffs allege that Defendants have attempted to engage in business in Utah by contacting One Source Industries, Inc.'s current and potential customers, many of whom reside in Utah, in order to solicit these customers to utilize Defendants' own rival business.[20] Plaintiffs allege that some of Mr. Hermann's conduct occurred while he was a resident of Utah and notes that he has a Utah phone number.[21] The Court finds that Mr. Hermann has purposefully directed his activities into Utah and finds that this litigation results from an alleged injury that relates to

---

[15] *Id.*

[16] *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

[17] *AST Sports Sci., Inc. v. CLF Distribution Ltd.*, 514 F.3d 1054, 1056 (10th Cir. 2008).

[18] *Id.* at 1057.

[19] *Id.*

[20] *Far W. Capital, Inc. v. Towne*, 46 F.3d 1071, 1076 (10th Cir. 1995) (finding that "solicitation is some evidence suggesting purposeful availment").

[21] Docket No. 61, at 8.

those activities. In addition, jurisdiction is fair and reasonable. Mr. Hermann's Motion to Dismiss on jurisdictional grounds will be denied.

   3. *Lanham Act Violation*

Mr. Hermann argues that he is not liable for a Lanham Act violation so the case must be dismissed. The argument that Plaintiffs' claims are baseless is an argument that Mr. Hermann is not liable rather than an argument that Plaintiffs' pleadings are insufficient. The sufficiency of the pleadings is a question of law, analyzed like a 12(b)(6) motion, and the Court's function is not to weigh potential evidence that the parties might present at trial, but to assess whether the Plaintiffs' Complaint is legally sufficient to state a claim for relief. Plaintiffs' Complaint is legally sufficient, therefore Mr. Hermann's Motion to Dismiss will be denied on this ground.

   4. *Unclean Hands*

Finally, Mr. Hermann argues that Plaintiffs cannot bring this action because of their own fraud, misrepresentations, and harassment of Defendants. Mr. Hermann does not explain what behavior constitutes fraud, misrepresentations, and harassment. He further alleges that "Mr. Ray Dempsey, . . . the Plaintiff in this case and instigator of this frivolous suit, has a warrant issued for his arrest from Wasatch County for 'Failure to Appear' on a previous arrest warrant for CyberStalking, and his counsel has resigned."[22] It appears Mr. Hermann is attempting to assert the affirmative defense of unclean hands. "The unclean hands doctrine requires that the inequitable conduct on the part of the plaintiff be related to the plaintiff's cause of action."[23] The only support Mr. Hermann offers regarding the affirmative defense of unclean hands involves

---

[22] Docket No. 60, at 3.

[23] *Utah Lighthouse Ministry, Inc. v. Discovery Computing, Inc.*, 2005 WL 3263157, at *9 (D. Utah Dec. 1, 2005).

conduct apparently unrelated to this lawsuit.  If the conduct Mr. Hermann alleges is related to this lawsuit, there appear to be factual issues for a jury to hear, not for the Court to determine at this stage in the litigation.[24]  For these reasons, the Court will deny Mr. Hermann's Motion.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant Jill Parkinson's Motion to (Docket No. 59) is DENIED.  It is further

ORDERED that Defendant Donald Hermann's Motion to Dismiss (Docket No. 60) is DENIED.

DATED this 11th day of February, 2014.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[24] *Nat'l Television Co-op., Inc. v. Viacom Intl., Inc.*, 37 F. Supp. 2d 1266, 1273 (D. Kan. 1998) (finding summary judgment inappropriate where issues of fact remain with respect to unclean hands defense).